IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                   :
                                         :    CHAPTER 13
JAKKI DEE,                               :
                                         :    CASE NO. 18-66618-SMS
         Debtor.                         :

**OBJECTION TO CONFIRMATION**

COMES NOW, IBM Southeast Employees' Credit Union (hereinafter referred to as "IBM"), a creditor of the above-named Debtor, and hereby files this its Objection to Confirmation, and, in support thereof, shows this Honorable Court the following:

1.

Jakki Dee (the "Debtor") filed the instant case under Chapter 13 of Title 11 of the United States Code on October 2, 2018.

2.

IBM holds a valid, properly perfected interest in the Debtor's 2010 BMW 535I GT Automobile, Manufacturer's I.D. No. WBASN2C57AC200254 (the "BMW") by virtue of a Consumer Lending Plan Advance Receipt and Truth-in-Lending Statement ("Note-1") and a Certificate of Title. IBM financed the Debtor's purchase of the BMW on August 4, 2017.

3.

Pursuant to Note-1 referenced in Paragraph 2 above, the Debtor is obligated to make sixty-two (62) monthly installments of $402.72 each to IBM, beginning with the November 2, 2017 payment, and one (1) final payment on January 2, 2023 in the amount of $402.64 for the amount financed of $17,511.00, and bearing interest at the rate of 13.99% per annum. On December 27, 2018, IBM filed a Proof of Claim for its unpaid balance on Note-1 in the amount

of $23,644.12 ("IBM Claim-1").

4.

IBM also holds a valid, properly perfected interest in the Debtor's 2006 Mercedes Benz R350 Automobile, Manufacturer's I.D. No. 4JGCB65EX6A020222 (the "Mercedes") by virtue of a Consumer Lending Plan Advance Receipt and Truth-in-Lending Statement ("Note-2") executed by the Debtor and also executed by Prince A. Omotayo (the "Co-Debtor") and a Certificate of Title.  IBM financed the Debtor's and Co-Debtor's purchase of the Mercedes on February 8, 2016.

5.

Pursuant to Note-2 referenced in Paragraph 4 above, the Debtor is obligated to make thirty-five (35) monthly installments of $190.76 each to IBM, beginning with the May 8, 2016 payment, and one (1) final payment in the amount of $190.73 for the amount financed of $6,500.00, and bearing interest at the rate of 1.99% per annum.  IBM anticipates filing a Proof of Claim for its unpaid balance on Note-2 in the amount of $3,023.90 ("IBM Claim-2").

6.

IBM also holds an additional claim by virtue of a Truth-in-Lending Disclosure Statement Credit Card Account Opening Disclosures ("Note-3"; Note-1, Note-2, and Note-3 are hereinafter occasionally collectively referred to as the "Notes") dated March 27, 2018, which is secured by virtue of its cross-collateralization with the Mercedes.

7.

Pursuant to Note-3 referenced in Paragraph 6 above, the Debtor is obligated to make payments to IBM based on the terms of Note-3, with Note-3 bearing interest at the rate of 15.40% per annum.  IBM anticipates filing a Proof of Claim for its unpaid balance in the amount of $1,474.46 ("IBM Claim-3"; IBM Claim-1, IBM Claim-2, and IBM Claim-3 are hereinafter

occasionally collectively referred to as the "IBM Claims").

8.

IBM objects to the Debtor's Schedule D as it fails to reflect the debt owed to IBM secured by the Mercedes. Moreover, Schedule H fails to reflect the non-filing Co-Debtor of the Mercedes.

9.

IBM objects to the Debtor's proposed valuation of the BMW in the amount of $15,900.00. Because the BMW was financed by IBM on August 4, 2017, and the Debtor filed his Chapter 13 bankruptcy case on October 2, 2018, the BMW was purchased within 910 days from the date on which the Debtor filed his Chapter 13 case. Therefore, IBM Claim-1 is not subject to modification under 11 U.S.C. Sections 1322(b)(5) and 1325(a)(5), et seq. IBM's claim in the amount of $23,644.12 should be treated as fully secured.

10.

IBM objects to the Debtor's Plan provision to provide IBM per annum interest at the rate of only 5.50% on IBM Claim-2 for the BMW. The contract rate of interest for the BMW is 13.99% per annum, and the interest rate proposed by the Debtor does not reflect a current market rate.

11.

IBM objects to the Debtor's proposed Plan because it does not address how the Debtor will be funding payment on IBM Claim-2 or IBM Claim-3, contrary to 11 U.S.C. Sections 1322 and 1325(a)(5).

12.

IBM shows this Court that the value for the Mercedes is in the amount of $6,250.00 pursuant to the CarFax History Based Value dated December 27, 2018. Based on the CarFax

value for the Mercedes, IBM Claim-2 and IBM Claim-3 should be treated as fully secured since the value of the Mercedes exceeds the amount of IBM Claim-2 and IBM Claim-3.

13.

IBM objects to confirmation of the Debtor's Chapter 13 Plan on the grounds that the Plan fails to provide that IBM's claims will be paid the value of IBM's collateral plus interest over the term of the Plan pursuant to 11 U.S.C. Section 1325 (a)(5)(B).

14.

The Debtor's Schedule I reflects "net income ... from operating a business" in the amount of $3,842.00, while Schedule J, Attachment A, reflects a net income of $2,842.00 with no further information or explanation as to the discrepancy.

15.

IBM further objects to confirmation of the Debtor's Chapter 13 Plan on the grounds that IBM does not have any information concerning the status of insurance coverage on the Mercedes or the BMW. Upon information and belief, the Debtor does not have insurance coverage on the Mercedes or the BMW, and the Debtor's Plan should not be confirmed until the Debtor furnishes proof of adequate insurance coverage on both vehicles to IBM.

16.

IBM's collateral is depreciating through use and over time.

17.

The Debtor's proposed Chapter 13 Plan does not adequately protect IBM against depreciation of its interest in the Mercedes or the BMW because the Mercedes and the BMW will depreciate at a rate greater than its receipt of payments from the Chapter 13 Trustee. Moreover, while the Debtor proposes to pay his counsel $516.00 per month until the attorney's fees of $5,000.00 are paid in full, the Debtor expects IBM (a creditor with an antecedent debt for

a Mercedes that is depreciating in value) to not receive any payments on the Mercedes claim (Claim-2) or on Claim-3. Moreover, the Debtor's Schedule H states that the Debtor does not have any co-debtors, while there is a co-debtor on Claim-2. IBM objects to this portion of the Debtor's proposed plan.

18.

To date, the Debtor has failed to fund his plan by making payments to the office of the Chapter 13 Trustee contrary to U.S.C. Section 1326.

WHEREFORE, IBM Southeast Employees' Credit Union prays that the Debtor's Chapter 13 Plan be denied confirmation and that the case be converted to a Chapter 7 case or dismissed, and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this 27th day of December, 2018.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.
Georgia Bar No. 028835
Attorney for IBM Southeast Employees'
Credit Union

Thomas E. Austin, Jr., LLC
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia  30305-6400
(404) 814-3755

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing "Objection to Confirmation" upon the following parties either electronically using the CM/ECF system or by depositing a copy of same in an envelope with adequate postage affixed thereon to ensure delivery by United States first-class mail:

Mr. Jakki Dee
4169 Gladney Drive
Atlanta, Georgia 30340

E. L. Clark, Esq.
Clark & Washington, LLC
Building 3
3300 Northeast Parkway
Atlanta, Georgia 30341

Mary Ida Townson, Esq.
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, Georgia 30303-1740

This 27th day of December, 2018.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.